IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BARRY CAMERON                                                                    PLAINTIFF

v.                                       Civil No. 2:21-CV-02138

JAIL ADMINISTRATOR                                                               DEFENDANT
NICK McKITTRICK

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case. Also before the Court is Defendant's Motion to Dismiss Pursuant to Local Rule 5.5(c)(2). (ECF No. 18).

### I.   BACKGROUND

Plaintiff filed his Complaint on August 25, 2021. (ECF No. 1). Both the Order provisionally filing his Complaint and the subsequent Order granting Plaintiff *in forma pauperis* status advised Plaintiff that he must inform the Court of any change to his mailing address within thirty (30) days of any such change or his case would be dismissed. (ECF Nos. 2, 5).

Defendant filed his Motion to Dismiss on April 20, 2022. (ECF No. 18). As grounds, Defendant's counsel states they were informed that Plaintiff is no longer incarcerated in the Johnson County Detention Center when they attempted to schedule a deposition with him at the facility. (*Id*. at 1). On April 21, 2022, the Court entered an Order directing Plaintiff to update his address by May 19, 2022, or his case would be subject to dismissal. (ECF No. 21). This Order

1

was not returned as undeliverable. To date, Plaintiff has not provided an updated address and has not otherwise communicated with the Court.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently .... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Defendant's Motion to Dismiss (ECF No. 18) should be granted and Plaintiff's

Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.     CONCLUSION

Accordingly, it is recommended that the Defendant's Motion to Dismiss (ECF No. 18) be GRANTED and Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of June 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE